AO 245B (Rev. 6/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Northern District of Ohio

UNITED STATES OF AMERICA
v.
**WALLACE R. WILSON**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: ✓**1:06cr 401-03 & 1:06 cr 432-02**

USM Number: 33635-060

Beverly Briggs
Defendant's Attorney

07 JUN 12 AM 10: 23

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): 6, 11 and 16 in 1:06 cr 401-03 & count 1 in 1:06 cr 432-02 of the Indictment .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ The defendant has been found not guilty on counts(s) _

[✓ Count(s) 1 & 2 in 1:06 cr 401-03 of the Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

11 June 2007
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

**LESLEY WELLS**, United States District Judge
Name & Title of Judicial Officer

6/12/07
Date

Case: 1:06-cr-00401-DCN Doc #: 129 Filed: 06/12/07 2 of 7. PageID #: 505

AO 245B (Rev. 6/05) Sheet 1A - Judgment in a Criminal Case

CASE NUMBER: 1:06cr 401-03 & 1:06 cr 432-02
DEFENDANT: WALLACE R. WILSON

Judgment - Page 2 of 7

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **Case No. 1:06 cr 401-03:** | | | |
| Title 18 USC Section 1957 | Money Laundering | 4 March 2005 | 6, 11 & 16 |
| **Case No. 1:06 cr 432-02:** | | | |
| Title 18 USC Section 1503 and 2 | Obstruction of Justice; Aiding & Abetting | 17 August 2006 | 1 |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 30 months on each of Counts 6, 11 & 16 in 1:06 cr 401-03 and Count 1 in 1:06 cr 432-02; all such terms to run concurrently.

The defendant shall participate in the Bureau of Prison's Inmate Financial Responsibility Program.

[ The court makes the following recommendations to the Bureau of Prisons:

[ The defendant is remanded to the custody of the United States Marshal.

[ The defendant shall surrender to the United States Marshal for this district.
[ at _ n _
[ as notified by the United States Marshal.

[✔ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ before 2:00 p.m. on _.
[✔ as notified by the United States Marshal.
[ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

________________________________

________________________________

________________________________

Defendant delivered on ________________ to ____________________

at ____________________ , with a certified copy of this judgment.

________________________
UNITED STATES MARSHAL

By ________________________
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years as to Counts 6, 11 & 16 in 1:06 cr 401-03 and three years on Count 1 in 1:06 cr 432-02; all such terms shall be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and to frequent random drug tests thereafter, as determined by the Court.

[ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall participate in an approved program of outpatient, inpatient or detoxification substance abuse treatment, which will include drug and alcohol testing to determine if the defendant has reverted to substance abuse.

The defendant shall be prohibited from incurring any new credit or establishing any additional lines of credit without approval of the probation officer.

The defendant shall provide the probation officer access to all requested financial information.

The defendant shall pay restitution as ordered.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 400.00 | $ - 0 - | $ 121,000.00 |

[ The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔ The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Charter One Bank<br>1215 Superior Avenue<br>Cleveland, Ohio 44114<br>Attn: Nora Koepf, Senior Fraud Investigator | | $121,000.00 | |
| TOTALS: | $ _ | $ 121,000.00 | |

[ Restitution amount ordered pursuant to plea agreement $____

[] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[✔] The interest requirement is waived for the [] fine [✔] restitution.

[ The interest requirement for the [] fine [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ Lump sum payment of $ due immediately, balance due

[ not later than or
[ in accordance with [ C, [ D, [ E, or [ F below; or

B [ Payment to begin immediately (may be combined with [ C [ D, or [ F below); or

C [ Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [✔ Payment during the term of supervised release will commence within 60 days after release from imprisonment. Defendant shall make equal monthly installments of at least 15% of the defendant's gross monthly income during his term of supervised release and thereafter as prescribed by law.

Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this Judgment.

F [✔] Special instructions regarding the payment of criminal monetary penalties:
The defendant shall make payments during his term of incarceration through the Bureau of Prisons Inmate Financial Responsibility Program. Defendant shall pay 25% of his gross monthly income.

[✔] A special assessment of $400.00 is due in full immediately as to count(s) 6, 11 & 16 in 1:06 cr 401-03 and count 1 in 1:06 cr 432-02.
PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT

[] After the defendant is release from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the restitution. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[] Joint and Several (Defendant name, Case Number, Total Amount, Joint and Several Amount and corresponding payee):

[] The defendant shall pay the cost of prosecution.
[] The defendant shall pay the following court cost(s):

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.